The issue in this case is whether a conviction for resisting arrest under Arizona revised statute 13-2508-B is categorically a crime of violence under 18 U.S.C. 16-B and thereby justification for the removal of the petitioner as an aggravated felon under 8 U.S.C. 1101-A43-F. This petitioner submits that it is not. Under the categorical approach, the court looks of course only to the conviction and the statutory definition. And importantly, the full range of conduct prohibited by that statute must fall within the definition of a crime of violence. Both statutes, that is the Arizona statute 13-2508-B and 16-B must be given, the terms of the statute must be given the ordinary and natural meaning in relationship to and in light of the terms surrounding it. Under the operative canons of statutory construction, resisting arrest under Arizona law is not a crime of violence. Why do you say that? I say that because B says using any other means, a person prevents a police officer, using any other means, a substantial risk of injury is created. So when you look at the term using any other means, other than what? Well, obviously the terms of the statute other than force that is clearly spelled out under subsection A. A says to use or attempt to use or threaten to use force to prevent a police officer. So then if a if the defendant wanted to avoid arrest by the police officer and instead of using physical force like punching the officer, reach down and cut the brake tubes leading to the officer's automobile so that the officer would lose control of his car and crash and kill himself, that wouldn't be using a means that creates a substantial risk of causing physical injury? No, it would create a means of creating a risk of substantial, of creating, it would create a substantial risk, but it wouldn't be violent because it would not necessarily involve, remember what Local instructs, it's not the creation of substantial risk of injury that the definite, the federal definition of crime of violence prohibits. It is the substantial risk that physical force will be used in the commission of the offense. So as long as it's indirect physical force, it's okay? Well, I'm not sure that as long as it's indirect, as long as the nature of the statute itself does not prohibit the, or as long as the nature of the statute itself does not deal with the substantial risk that physical force will be used. I mean, the same comment could be used of a DUI. Well, counsel, let me ask you, how do you reconcile your position with the Womack case, which held that active resistance, which I think you'll concede we had here, is an implicit element of resisting arrest? Well, the government, of course, makes great hay out of the Womack case, State v. Womack, the 1992 decision. So let me respond with Womack. First of all, Womack dealt with the issue of avoiding arrest. I thought you wanted me to project. Yes. We had the opposite. I apologize. I thought that I was instructed to make sure to project. The Womack case dealt, fundamental issue is between avoiding arrest and resisting arrest. That's the issue in Womack. In Womack, the individual involved fled, in fact, engaged the police officer in a high-speed chase throughout neighborhoods in which he at least twice did not heed stop signs and so forth. So he was charged under resisting arrest. The court said, no, that's not resisting arrest. That's avoiding arrest. Resisting is to withstand, is to stand against. Nothing in the Womack case, first of all, uses the term affirmative resistance that used in the brief by the government. You'll never find it in the Womack case. What you will find in the Womack case is you need actual opposition or resistance. Resistance is not tantamount to the use of force. Unless you're willing to say that resistance, by definition, is the use of force, then it would seem to contradict the historical examples of our civil rights movement, in which there was plenty of resistance to arrest, in which no violence was used. I can refuse to... What does resistance mean? Oh, excuse me, Dr. I'm sorry, Dr. What... give me an inventory of other means within the meaning of two that are distinct from the use of physical force in one. Recalcitrance, Your Honor, refusing to obey the police officer's order, for example, to turn around and place your hands behind your back, saying, no, sir, I will not do that. But those other means don't create a risk of substantial injury. Well, if, for example, let's say I can give you one example of that. Let's say that I wanted to march for immigrant rights but was denied a permit. I go to the middle of the street, sit in the middle of the street and refuse to move. A police officer comes to remove me, having to go into the middle of the street with traffic may create a substantial risk of injury, but there has been no use of physical force. So I can give you other examples. See, I think we need to look... I'm sorry, sir. Counsel, have there been cases operating under subsection 2? The Womack case... If I may respond, sir. The Womack case itself analyzes subsection 2. And in that analysis, it said that the flight by this individual did not create a substantial risk for the police officer. I think what Judge Oberdorfer is probably referring to is the recent case of Duenas Alvarez in which the court says that in looking at the modified categorical risk or modified categorical analysis, the petitioner has to show that Arizona actually does, in cases adjudicated in Arizona, prosecute for resisting arrest where means other than physical force directed to the officer have been used. Do you have any cases like that? Your Honor, the only case that I'm aware of, and it would be the Womack case itself. It literally... The court addressed that issue of whether this individual was guilty under subsection B. Are you familiar with State v. Henry, where an Arizona appellate court found forcible resistance where the defendant had refused to be handcuffed, squirmed, and tucked his arms underneath his body? Your Honor, I am not. I want to be frank with you. I am not, Your Honor. I apologize for that. This is a 1997 case. I am not aware of that case. See, what the government essentially is arguing is they concede that B does not have as an element the use of force. But what they're saying is look at its nature. Look at its nature. So where do we get the nature of a statute? From its terms, the words used in the statute, the legislative intent, and in Womack, the legislative intent is very clearly stated. The intent in Womack is that the intent, as we glean from the statute, is to prohibit threats or any conduct that creates a substantial risk of injury to another, including the police officer. If it is any conduct, then it also involves conduct that does not involve force and therefore is not within the full range of... The full range of conduct is within the definition of the crime of violence. In this treatise, Arizona, Criminal Law of Arizona... Let me just ask you a question. What exactly did your client do? My client actually, as I recall, actually resisted arrest by... He didn't use violence, but pushed the officer away initially saying that he should not have been arrested for that offense. The officer then used force to hold him down, and when he pushed him away, did in fact hit the officer in the chest. How does that compare to refusing to be handcuffed, squirming, and tucking your arms underneath your body? I'm not sure that there is a distinction. I really am not sure that there is a distinction. I can't argue that there's a distinction. That's my problem with your case, because the Arizona courts seem to say that's resisting arrest. I will conclude simply with the gravamen of the statute as described by Honorable Rudolph Gerber in Criminal Law of Arizona, the leading treatise in fact cited in WOMAC, said that the gravamen is that the theory behind the statute is that legal disputes or the propriety of an arrest should be tested in court and not the streets. It seeks to prohibit any conduct that does that, not just crimes of force or violence. I don't think it's limited to that. The full range of conduct must come within that definition. Thank you. Do you have any legislative history of subparagraph two? No, sir. The legislative intent that I refer to is from the WOMAC decision as gleaned by that court from the terms of the statute. I have no other legislative history, sir. Thank you. May it please the Court. Kristen Edison for the Attorney General. Due to petitioner's status as a criminal alien. Now we're going to ask you to speak up, if you would. Due to petitioner's status as a criminal alien, the court has limited jurisdiction to determine whether his conviction under the Arizona resisting arrest statute is a crime of violence and therefore is an aggravated felony precluding this court's review over the petition. Are you proceeding on the categorical approach or on the modified categorical approach? Your Honor, on the categorical approach. All right. So in other words, you've got the guilty plea to the Arizona statute. Which statute did he plead guilty to? Your Honor, the record doesn't make clear which. So he could have pleaded to one or the other, which means that you have to show that both are categorically within a crime of violence. That's right, Your Honor. So as to the statute which provides by any other means, what is your theory about why a guilty plea to a statute that says by any other means other than physical force remains a crime of violence? Your Honor, the Womack, as we've discussed, the Womack case makes clear that in order to be convicted under the resisting arrest statute, that is, that involves conduct that, I'm sorry, Your Honor. Is intrinsically violent? Right. That affirmative resistance is involved and the court in Womack clearly stated that we look at the ordinary meaning of the word resist and stated that... Is it your view that resisting arrest, the word resist ordinarily means a threat of physical injury to an officer? Your Honor, in Womack, the court looked up the word resist in Webster's Dictionary and defined it as to exert force in opposition, to exert oneself so as to counteract or defeat. And the government's view that is sufficient under section, that would be sufficient under section 16b. To refresh my recollection, the Womack case is a Ninth Circuit court case? No, the Womack case is an Arizona state case. It's a 1992 case. Yeah, a 1992 case and the Henry case came after that in 1997. Both were Arizona Court of Appeals cases, is that correct? And what do you say about the Henry case? Your Honor, I haven't, I didn't come across the Henry case either. All right, thank you. And that's all you have? Absent any questions from the court. The Womack and Henry cases...        I don't have it. I don't have it. I don't have it. I don't have it. Go ahead, Judge. What are other means within the meaning of subparagraph two? Did you hear me? Yes, I did. Your Honor, I haven't found a whole lot of case law where the Arizona state court has defined any means. But again, we're focusing on, the correct inquiry to focus on is whether a risk of force may be used. So it isn't necessarily on the means used, rather the appropriate inquiry is whether the conduct by its nature involves a substantial risk that force may be used in committing the offense. And the Supreme Court in Leo Cal emphasized that point, and I realized that that had to do with the mens rea requirement. But... Well, you seem to indicate that Womack says that active resistance is an implicit element of people. A person simply goes limp and they drag them off. Would that amount to resisting arrest? I don't... Well, Your Honor, that... I don't believe that the Arizona state court has spoken on that issue. No, this is a hypothetical. Trying to test the limits of what resisting means. Any other means. And I have someone who is just going limp when the police come to arrest people in a non-violent demonstration. I think, Your Honor, in Womack the court said mere non-submission, and it seems like your hypothetical would be an instance of non-submission ought not to be such an offense. All right, you'd say no, then that would not come under the statute. I believe that that's what the court says in Womack. All right, can you compare that to the facts of this case and say why this case should come under the statute? Because, Your Honor, in... I mean, so in any event, the court in Womack said non-submission is not resisting arrest. Resisting arrest, rather, is something that involves affirmative resistance, and the court has explained resistance necessarily involves force, essentially. Your point, as I take it, is the Arizona statute has been defined by the Womack and the Henry cases as necessarily implying a use of physical force in commission of the crime of resisting arrest. That is correct. That Arizona doesn't prosecute, and there's no evidence that Arizona does prosecute, the limp protester under resisting arrest. Right, certainly Petitioner's counsel hasn't cited any... And so that when he pleaded guilty to the Arizona statute, he pleaded guilty to the acts which are necessarily implicit per Arizona's decisional law. That is resisting arrest, use of physical injury, that means a violent crime. That is correct. Do I have it right? Yes, Your Honor. Okay, thanks. Absent any questions, I'm happy to conclude. Thank you. It's a closed case, counsel. Resistance requires resistance. Of course, of course. I mean, it's tautological. Non-submission in the Womack case was the guy fled. It wasn't he went limp. He fled. It was an avoidance of the arrest. Resistance requires resistance. In other words, I will not go with the police officer, but it does not... The legislature envisioned in its words, no matter what its prosecutorial policies may be, it's the definition of the statute of controls. And it says by any other means, and that must be other than force. Any other means likely to cause physical injury. That is implied, as far as Arizona is concerned, implies a use of force. Your Honor, if I may, I take exception to that. I'm reading from criminal law of Arizona, where Gerber says dicta, and he uses the word, I'm reading from it, dicta, defining resistance as actual opposition, making necessary under those circumstances, the use of force. It was dicta. The definition of resistance, you can resist by force. That's A, clearly. But you can also resist as the etymological basis of the word indicate, also in Womack. This is to stand against, to withstand. That does not necessarily mean the use of force. And we've had historical examples of that. Let me put you a hypothet. Suppose your man had gone limp. And a police officer had to remove him from the middle of the road. So he was absolutely limp, a protester. Absolutely. Now, in that situation, the officer in removing him might not bend his knees, right? Might lift with his back and might pop a disc, right? Just an injury, a risk of injury. Yes, sir. Would that be a violation of the statute? No, sir. Because because under local, it is not the creation of substantial risk of injury. It is that substantial risk, that physical force will be used in the commission of the offense. That's necessary. We cannot confuse the two. But your client pushed the police officer. Is that correct? I'm not sure he pushed him, Your Honor. I know that there was in his efforts to avoid the arrest. I know that he that he did hit the police officer in the chest. That would be irrelevant under the categoricals. Exactly. We're also has admitted she's not pursuing the modified categorical. There's no plea agreement. There's no colloquy which indicates those facts. Those facts are not facts shown in documents of conviction. That's true. And the brief also states that we're only proceeding under the categorical approach. So, again, the full range of conduct prohibited by the statute must fall within the definition, Your Honor. And I think that's critical. Thank you. Any other questions? No, thank you. Thank you. Thank you for your kind attention.
judges: Nelson, Bea, Oberdorfer